IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID CORSARO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01748-N |
| | § | |
| COLUMBIA HOSPITAL AT | § | |
| MEDICAL CITY DALLAS | § | |
| SUBSIDIARY LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Prudential Insurance Company of America ("Prudential") and Sedgwick Claims Management Services, Inc.'s ("Sedgwick") partial motion to dismiss [19]. For the reasons below, the Court grants the motion in part and dismisses Plaintiff David Corsaro's claim for equitable relief as to recovery of short-term disability benefits only.

### I. ORIGINS OF THE MOTION

This is an ERISA case involving Corsaro's disability benefits through his former employer's ERISA-governed employee benefits plan. According to the complaint, Corsaro's benefits plan provides for up to twenty-one weeks of short-term disability ("STD") benefits for each illness or event. Compl. ¶ 41 [1]. The plan also provides for long-term disability ("LTD") benefits for certain qualifying individuals. Corsaro pleaded that qualification for the plan's LTD benefits requires the exhaustion of the full twenty-one weeks of STD. *Id.* ¶¶ 97, 134.

ORDER – PAGE 1

At some point,[1] Corsaro began to develop a memory impairment that impacted his ability to perform his job duties. Compl. ¶¶ 26–29. At the recommendation of his neurologist, Corsaro took FMLA leave to undergo testing and monitoring for his condition. *Id.* ¶¶ 34, 38. For the first six weeks of his absence, Corsaro received short-term disability benefits. *Id.* ¶ 39. However, Sedgwick, the claim administrator for the plan's STD benefits, denied Corsaro's application for extended STD benefits beyond his first six weeks of leave. *Id.* ¶¶ 48–50. As a result, Corsaro did not exhaust the full twenty-one weeks of STD benefits and thus did not qualify for LTD benefits under the plan. *Id.* ¶ 97.

Corsaro filed this lawsuit against his former employer, Sedgwick, and Prudential (the STD plan's insurer). Against Prudential and Sedgwick, Corsaro brings claims based on the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001, *et seq.*; Compl. ¶¶ 128–55. Prudential and Sedgwick now move to dismiss Corsaro's two claims for equitable relief under ERISA section 502(a)(3). 29 U.S.C. § 1132(a)(3).

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[]

---

[1] The Court takes Corsaro's well-pleaded allegations as true for the purpose of the Rule 12(b)(6) motion.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### B. Civil Enforcement Actions Under ERISA Section 502

Section 502 of ERISA empowers a plan participant or beneficiary to bring civil actions and provides several remedies related to enforcement of his or her rights.  29 U.S.C. § 1132(a)(1)(B).  Two parts of that section are relevant here.  First, section 502(a)(1)(B) allows a participant or beneficiary "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  *Id.* § 1132(a)(1)(B).  Second, equitable relief is available under the catch-all provision in section 502(a)(3).  Under that provision, a participant or beneficiary can bring a civil action to enjoin ERISA violations or obtain "other appropriate equitable relief" that redresses violations, enforces ERISA, or enforces plan terms.  *Id.* § 1132(a)(3).  An appropriate equitable remedy under section 502(a)(3) may sometimes take the form of money.  *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 451 (5th Cir. 2013) (citing *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011)).

ORDER – PAGE 3

However, equitable relief is unavailable under section 502(a)(3) when another provision provides an adequate remedy for a plaintiff's injury. *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 865 (5th Cir. 2018) (citing *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018)). This is so because where Congress elsewhere provided adequate relief (such as recovery of benefits due under section 502(a)(1)(B)) additional equitable relief is unnecessary and, therefore, not "appropriate." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

### III. THE COURT GRANTS IN PART AND DENIES IN PART THE MOTION

Corsaro brings three separate causes of action against Defendants under ERISA: (1) a section 502(a)(1)(B) claim to recover STD benefits due under the plan; (2) a section 502(a)(3) claim to recover STD benefits wrongfully denied in bad faith; and (3) a section 502(a)(3) claim for LTD benefits for which he did not qualify due to the wrongful denial of STD benefits. Defendants move to dismiss both claims for equitable relief under section 502(a)(3) on the grounds that they are impermissibly duplicative of a claim Corsaro has brought (or could have brought) under section 502(a)(1)(B) to adequately remedy the same injury.

#### A. The Court Dismisses Corsaro's Equitable Claims for Short-term Disability Benefits

Defendants argue Corsaro's claim for equitable relief under section 502(a)(3) seeking recovery of STD benefits fails because section 502(a)(1)(B) provides an adequate remedy. The Court agrees. Each of Corsaro's claims seeking recovery of STD benefits — whether stated in terms of an improper denial, bad faith denial, failure to overturn the denial

on appeal, or breach of fiduciary duty — boil down to one claim: Defendants failed to pay benefits due to Corsaro under the terms of the plan.[2] Any equitable relief under section 502(a)(3) would therefore be duplicative of relief available under section 502(a)(1)(B). Such unnecessary equitable relief is unavailable under ERISA.

Corsaro argues that dismissal of the claims is nonetheless premature and that he should be allowed to proceed with his equitable STD benefits claims in the alternative. However, the law on this point is clear and states otherwise. Relief under ERISA section 502(a)(3) is unavailable where another provision of the statute provides an adequate remedy. This is so even where the other claim ultimately proves unsuccessful because the relevant consideration is whether Congress has provided a mechanism to vindicate the plaintiff's *injury*. *Manuel*, 905 F.3d at 865. As explained above, the injury relevant here is the nonpayment of STD benefits to which Corsaro claims he is entitled under the terms of the plan. Congress plainly provided a mechanism to redress that harm in section 502(a)(1)(B). Accordingly, the Court dismisses Corsaro's section 502(a)(3) claims for equitable relief to the extent they seek recovery of STD benefits.

---

[2] Corsaro's complaint attempts to separate his claim for STD benefits he did not receive into two parts. First, Corsaro seeks recovery of the six weeks of STD benefits for which he unsuccessfully applied under section 502(a)(1)(B). Second, Corsaro separately seeks the remainder of the maximum twenty-one weeks of STD benefits (for which he did not apply) under section 502(a)(3). In the Court's view, this is in fact one claim despite the styling of the complaint.

ORDER – PAGE 5

### B. Corsaro Has Stated a Viable Claim for Equitable Relief with Respect to Long-term Disability Benefits

By contrast, Corsaro has stated a claim for equitable relief under section 502(a)(3) related to the plan's LTD benefits. Corsaro pleaded that, because of Defendants' wrongful denial of STD benefits, he failed to exhaust his STD benefits plan and therefore did not qualify for LTD benefits. In his response, Corsaro argues that this equitable claim aims to enforce the STD plan "so that he is not barred from applying for and receiving [LTD] benefits." Pl.'s Resp. Br. 4 [35]. In the Court's view, Corsaro effectively seeks to estop Defendants from denying LTD benefits on the basis of their wrongful denial of STD benefits in breach of their fiduciary duties. This relief falls within the scope of "appropriate equitable relief" available under ERISA section 502(a)(3), even if it ultimately results in a monetary payment. *See Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 363 (5th Cir. 2014) (noting that money damages are available in equity under section 502(a)(3) against a fiduciary for breach of duty).

Defendants argue that this claim is also impermissibly duplicative of a claim Corsaro could have brought under section 502(a)(1)(B), even if a claim under that provision would fail. Br. Supp. Mot. to Dismiss 6–7 [20]. In support, Defendants cite various cases rejecting equitable claims that were duplicative of available claims under section 502(a)(1)(B). In the cases cited, the plaintiffs each brought an equitable claim in the alternative to a section 502(a)(1)(B) claim for the same denied benefits or otherwise

ORDER – PAGE 6

sought to enforce rights actually due under the terms of ERISA or the plan.[3] The takeaway from these cases is that the failure of a plaintiff's section 502(a)(1)(B) claim on the merits (whether actually asserted or not) does not authorize an alternative claim for equitable relief for the same injury.

This case is different. Corsaro's complaint states that he did not qualify for LTD benefits under the plan's terms because Defendants wrongfully denied his application for STD benefits in bad faith. Contrary to Defendants' assertions, Corsaro's alleged injury is not merely a denial of benefits owed under the plan; it is his failure to qualify for the benefits at all because of Defendants' wrongful conduct. Thus, section 502(a)(1)(B), a mechanism for enforcing the terms of the plan, does not provide an adequate remedy for Corsaro's alleged injury. The Court is not aware of any cases holding that where the plaintiff's failure to qualify for benefits is itself a result of the defendant's wrongful conduct, the availability of an "adequate remedy" under section 502(a)(1)(B) precludes equitable relief under section 502(a)(3).

---

[3] *See Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (unpub.) (upholding dismissal of a section 502(a)(3) equitable claim to recover benefits that the plaintiff alleged she had applied for and the defendant had wrongfully denied); *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017) (same); *Innova*, 892 F.3d at 733 (upholding dismissal of section 502(a)(3) equitable claims brought in the alternative that were indistinguishable from the plaintiffs' section 502(a)(1)(B) claims for failure to pay benefits under the plan); *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 526 (5th Cir. 2000) (denying a section 502(a)(3) equitable claim brought in the alternative to a section 502(a)(1)(B) claim to recover the same denied benefits); *Manuel*, 905 F.3d at 867 (upholding dismissal of section 502(a)(3) equitable claims challenging administrative claims procedures that allegedly violated ERISA's claim administration requirements).

ORDER – PAGE 7

Defendants cannot have it both ways. Under the legal theory advanced in the motion, a plan fiduciary could wrongfully prevent the satisfaction of STD benefit prerequisites and then deny LTD benefits on the basis of its own misconduct. Section 502(a)(1)(B) does not provide an adequate remedy for a plan participant or beneficiary's injury under those circumstances. Accordingly, the Court denies the motion to dismiss Corsaro's claim for equitable relief under section 502(a)(3) based on his failure to qualify for LTD benefits.

## CONCLUSION

The Court dismisses Corsaro's claim for equitable relief under ERISA section 502(a)(3) for short-term disability benefits denied because section 502(a)(1)(B) provides an adequate remedy for the same injury. However, Corsaro has stated a plausible section 502(a)(3) claim for equitable relief for long-term disability benefits. The Court therefore grants Defendants' motion to dismiss as to Corsaro's claim for equitable relief in count five of the complaint and otherwise denies the motion.

Because the Court holds Corsaro's dismissed equitable claim seeks relief available under ERISA section 502(a)(1)(B), amendment of the complaint may be necessary for Corsaro to seek all twenty-one weeks of benefits available under that provision. The Court grants Corsaro leave to amend his complaint to replead his ERISA section 502(a)(1)(B) claim within twenty-one (21) days of the date of this Order.

Signed June 21, 2022.

_____
David C. Godbey
United States District Judge